IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| JOHN BUTLER,<br><br>    Plaintiff<br><br>vs.<br><br>CAPTAIN FLOYD, LIEUTENANT STAFFORD, JAMES BARNACLE, F. NUNEZ, C.O. BOYCE #1, C.O. BOYCE #2, C.O. HAFELI, C.O. QUINN, C.O. PLACE, C.O. STOKES, SUED IN INDIVIDUAL AND OFFICIAL CAPACITIES,<br><br>    Defendants | 1:23-CV-00289-SPB<br><br>RICHARD A. LANZILLO<br>CHIEF UNITED STATES MAGISTRATE JUDGE<br><br>ORDER ON MOTION FOR RELIEF<br><br>IN RE: ECF NO. 39 |

On August 13, 2024, the Court conducted a telephonic conference to address Plaintiff John Butler's motion to compel discovery. *See* ECF Nos. 31 (motion to compel); ECF No. 34 (Minute Entry). During the conference, the Court granted in part and denied in part Butler's motion to compel and granted his request for an extension of the discovery deadline. Thereafter, the Court confirmed its rulings in a written order. *See* ECF No. 35. Butler has now filed a "motion for relief" in which he asks that the undersigned United States Magistrate Judge be removed from this case. *See* ECF No. 39. The Court construes the motion as seeking the undersigned's recusal, which is properly before the undersigned for decision in the first instance. *See Chambers v. Ebbert*, 2018 WL 6618376, at *2 (M.D. Pa. Dec. 18, 2018). The motion is denied.[1]

---

[1] United States magistrate judges are authorized to decide any non-dispositive motions. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998). *See also Adams v. Co-Op City Dep't of Pub. Safety*, 2024 WL 3459248, at *2 (S.D.N.Y. July 18, 2024) (describing "non-dispositive pretrial motions, i.e., recusal, discovery, and appointment of counsel" as within the purview of a magistrate judge) (citation omitted).

1

The standard governing recusal of magistrate judges is set forth in 28 U.S.C. § 455. Under 28 U.S.C. § 455(a), a magistrate judge is required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under § 455(b), a magistrate judge is further required to disqualify himself where he "has personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Both statutory provisions require the existence of extrajudicial bias to mandate recusal or disqualification. *See Liteky v. United States*, 510 U.S. 540, 543-56 (1994); *Johnson v. Trueblood*, 629 F.2d 287, 290–91 (3d Cir. 1980); *Resident Advisory Bd. v. Rizzo*, 510 F. Supp. 793, 796–97 (E.D. Pa. 1981). "'Extrajudicial bias' refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of proceedings." *Johnson*, 629 F.2d at 291; see also *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."); *United States v. Gilboy*, 162 F. Supp. 384, 393–94 (M.D. Pa. 1958) (alleged bias must be personal and extrajudicial, not arising solely on the basis of court proceedings). "[A] party's displeasure with legal rulings does not form an adequate basis for recusal...." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

A magistrate judge must preserve not only the reality of impartiality, but also must avoid the appearance of bias. *Lewis v. Curtis*, 671 F.2d 779, 789 (3d Cir.1982) (*rev'd on other grounds*) (citing *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 150 (1968). "However, a magistrate judge has a complementary duty **not** to recuse if there are not sufficient facts to cause a reasonable person to question his or her impartiality." *Fortune v. Hamber*, 2006 WL 3542490, at *1 (W.D. Pa. Dec. 7, 2006) (emphasis in original) (citing *Harris*

2

*v. Philadelphia Police Dept.*, 2006 WL 3025882 *2 (E.D. Pa. Oct. 20, 2006)). Disqualification due to an "appearance of impartiality" cannot be premised on the mere fact that a judicial officer has ruled in favor of the other side. *Liteky v. United States*, 510 U.S. 540, 555 (1994). The disappointed party's remedy when it is disappointed by a decision is, except in rare instances, an appeal, not a recusal. *Id.* Similarly, opinions formed by the magistrate judge based on the facts and arguments set forth in the course of the legal proceeding "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id. See also Fortune*, 2006 WL 3542490, at *1.

Here, Butler makes no allegations of "extrajudicial" bias, but instead his allegations relate solely to the undersigned's conduct of a legal proceeding. First, and as a general matter, "[j]udicial case management is left to the discretion of the trial court and does not provide a basis for recusal." *Farkas v. Ellis*, 768 F. Supp. 476, 479 n.6 (S.D.N.Y. 1991) (citing *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980), *cert denied*, 450 U.S. 999 (1981)). During the telephone conference at issue, the Court found it necessary to admonish Butler for repeatedly interrupting the Court. In addition, Butler took exception to the Court's discussion of the claims raised in his Complaint despite the Court's attempt to explain to him that the relevance and proportionality of his discovery requests had to be evaluated with reference to his claims. *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case..."). When Butler became disrespectful in his arguments, the Court advised him of the consequences that might follow if he persisted. Ultimately, however, the Court granted many, although not all, of Butler's requests to compel production of materials and granted his request for an extension of the discovery deadline. *See* ECF No. 35.

Butler has failed to demonstrate the type of "deep-seated favoritism or antagonism" that would justify recusal. *See, e.g., Fortune*, 2006 WL at *2. Accordingly, his motion is denied.

DATED this 21st day of August, 2024.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE
