IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| JOHN BUTLER, | ) Civil Action No. 1:23-CV-289-CBB-SPB |
| Plaintiff, | ) United States District Judge |
| | ) Susan Paradise Baxter |
| vs. | ) |
| | ) United States Magistrate Judge |
| CAPTAIN FLOYD, LIEUTENANT STAFFORD, JAMES BARNACLE, F. NUNEZ, C.O. BOYCE #1, C.O. BOYCE #2, C.O. HAFELI, C.O. QUINN, C.O. PLACE, C.O. STOKES, SUED IN INDIVIDUAL AND OFFICIAL CAPACITIES, | ) Christopher B. Brown |
| Defendants. | ) |

**MEMORANDUM ORDER ON ECF Nos. 50, 59**

### I.   Introduction

Plaintiff John Butler ("Butler") brings this *pro se* civil action and alleges various Pennsylvania Department of Corrections officials violated his civil rights at SCI-Albion, culminating in his involuntary transfer to SCI-Houtzdale. Butler alleges certain Defendants engaged in various acts of intimidation and retaliation against him for filing grievances and lawsuits by falsely implicating him as the organizer of a hunger strike at SCI-Albion.[1] ECF No. 10 at ¶¶ 26-34. Separately,

---

[1] This matter was originally referred to Chief United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings, in accordance with the Magistrate Judge's Act, 28 U.S.C. 636(b)(1) and Local Civil Rule 72. On October 25, 2025, the case was referred to the undersigned pursuant to Administrative Order 2024-12. Pursuant to the Magistrate Judge's Act, as Butler's Motion to Compel and Motion for Sanctions (ECF Nos. 50, 59) are non-dispositive, the undersigned is issuing a

Butler alleges he was denied appropriate medical care after experiencing chest pains. *Id.* at ¶¶ 4, 8-11.

Presently pending are Butler's Motion to Compel Discovery and Motion for Sanctions. ECF Nos. 50, 59. The Motion to Compel[2] is fully briefed and the Motions are ripe for consideration. ECF Nos. 50, 58-60. In his Motion to Compel, Butler seeks the following:

A. The ability to view the video footage from his misconduct hearings on August 16 and August 23, 2023 at SCI-Houtzdale, ECF No. 50 at 2;

B. For the Court to conduct an in-camera review of the video footage from his May 1, 2024 "Restricted Release Hearing," and the telephone recordings discussed in the hearing, *Id.* at 4-5;

C. The ability to view the video footage of Defendant Stafford's August 23, 2023 interview, *Id.* at 3;

D. For the Court to conduct an in-camera review of footage of ten other inmate's "Restricted Release Hearings" and the telephone recordings discussed in those hearings, *Id.* at 4-5.

E. Defendants' Responses to Butler's Interrogatories from August 19, 2024, *Id.* at 1;

F. Documentation related to an "abuse grievance" from on or after August 1, 2023, *Id.* at 2;

For the reasons that follow, Butler's Motion to compel video footage of the misconduct hearings, "Restricted Release Hearings," and Defendant Stafford's interview are denied as MOOT, and the remaining requests are DENIED. Butler's Motion for Sanctions is likewise DENIED.

---

Memorandum Order rather than a Report and Recommendation to the District Judge. *See* § 636(b)(1).

[2]   The Court did not request additional briefing regarding Butler's Motion for Sanctions.

## II. Procedural Background

Butler initiated this action on October 16, 2023. ECF No. 1. After his Motion for Leave to Proceed In Forma Pauperis was granted, his Complaint was docketed. ECF Nos. 9, 10. Defendants did not file a Motion to Dismiss, and the case proceeded to discovery.

Butler previously brought a Motion to Compel Production of Discovery Material. ECF No. 31. Chief Magistrate Judge Lanzillo held a Telephonic Status Conference on August 13, 2024 to discuss Butler's Motion, and issued an Order the same day. *See* ECF Nos. 34-35. Butler appealed Judge Lanzillo's Order on his Motion to Compel to United States District Judge Susan Paradise Baxter. ECF Nos. 42, 47. Judge Baxter issued a Memorandum Order denying his appeal, overruling his objections, and affirming Judge Lanzillo's Order. ECF No. 61.

This case was transferred to the undersigned pursuant to Administrative Order 2024-12 while Butler's appeal to Judge Baxter was still pending. After the case was transferred, Butler filed the current Motion to Compel (ECF No. 50) and Motion for Sanctions (ECF No. 59). Defendants responded to Butler's Motion to Compel (ECF No. 58), and Butler filed a Reply (ECF No. 60).[3]

---

[3] Also pending is Defendants' Motion for Summary Judgment. ECF No. 51. That too is fully briefed. ECF Nos. 51-54; 68-70; 72. A separate Report and Recommendation on Defendants' Motion for Summary Judgment is being issued concurrently with this Memorandum Order.

### III. Legal Standards

    a. **Motion to Compel**

The general framework for determining the scope of allowable discovery for cases in federal courts is provided by Federal Rule of Civil Procedure 26(b), which provides as follows.

**(b) Discovery Scope and Limits.**

> **(1) Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the actin, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> **(2) Limitations on Frequency and Extent**.
>
> (A) *When permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.
>
> (B) *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

> (C) *When required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> > (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> >
> > (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> >
> > (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b).

Generally, courts afford considerable latitude in discovery to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501. The polestar of discovery is relevance, which, for discovery purposes, is interpreted broadly. All relevant material is discoverable unless an applicable evidentiary privilege is asserted. *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). When there is no doubt about relevance, a court should tend toward permitting discovery. *Heat and Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing *Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, at 556 (7th Cir. 1984)).

Federal Rule of Civil Procedure 34 requires a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to. The burden is upon the party objecting to discovery to

5

state the grounds for the objection with specificity.  Fed.R.Civ.P. 34(b)(2); *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa. 1996).  "Mere recitation of the familiar litany that an interrogatory or a document production request is overly broad, burdensome, oppressive and irrelevant will not suffice." *Id.* (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).  The objecting party must demonstrate in specific terms why a particular discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).  The party attempting to withhold the release of relevant material for privilege must also "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A)(ii).  Once an objection has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26.  *Momah*, 164 F.R.D. at 417.  Then, the party opposing discovery must convince the court why discovery should not be had.  *Id.* (citing *Amcast Indus. Corp. v. Detrex Corp.*, 138 F.R.D. 115, 118–19 (N.D. Ind. 1991)).

    Federal Rule of Civil Procedure 37 also allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure.  "The party seeking the order to compel must demonstrate the relevance of the information sought.  The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within

6

the broad scope of discovery." *Option One Mortgage Corp. v. Fitzgerald*, Civil No. 3:07-1877, 2009 WL 648986 at *2 (M.D. Pa. Mar.11, 2009).

### b. Motion for Sanctions

Rule 37 of the Federal Rules of Civil Procedure governs motions for sanctions. The scope of what type of discovery may be compelled under Rule 37, and give rise to sanctions, is defined, in turn, by Rule 26(b) (1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) **Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

A party moving under Rule 37 to compel discovery, or for sanctions, bears the initial burden of proving the relevance of the requested information. *Morrison v. Philadelphia Housing Auth.,* 203 F.R.D. 195, 196 (E.D. Pa. 2001). If the movant meets this initial burden, then the burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad,

7

burdensome, oppressive, vague, or irrelevant is insufficient. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982).

## IV. Discussion

Butler moves to compel the production of video footage and documents (ECF No. 50), as well as for sanctions against the Defendants. ECF No. 59. These motions are addressed in turn.

### a. Motion to Compel

#### i. Motion to Compel Video Footage

Butler moves to compel production of three sets of video footage. These requests are repetitive and have already been addressed and denied by the Court.

Butler moves:

> (1) to compel the video footage from his August 16 and August 23, 2023 misconduct hearings;
>
> (2) for the Court to conduct an in-camera review of the video footage from his May 1, 2024 "Restricted Release Hearing" and supporting telephone recordings; and
>
> (3) to compel Video Footage of Defendant Stafford's August 23, 2023 interview with Defendant Nunez.

ECF No. 50 at 3-5.

These requests were previously denied by the Court. Chief Magistrate Judge Lanzillo denied Butler's requests for the video footage from the Misconduct Hearings and the Restricted Release hearing. ECF No. 35 at ¶ 4. Judge Lanzillo also functionally denied Butler's request for video footage of Defendant Stafford's

8

interview, as he raised it during the Parties' August 13, 2024 Telephonic Status Conference and Judge Lanzillo chose not to issue a formal ruling on it.  *Id.  See also* ECF No. 61 at 4 (describing this as a "functional[] deni[al]").

After Butler objected and appealed, ECF Nos. 42, 47, United States District Judge Baxter denied his appeal, overruled his objections, and affirmed Judge Lanzillo's Order.  ECF No. 61 at 3-4.  Judge Baxter likewise denied his appeal and overruled his objections as to the footage of Defendant Stafford's interview, holding that "this Court cannot say that Judge Lanzillo's denial was clearly erroneous, contrary to law, or an abuse of Judge Lanzillo's broad discretion to decide discovery-related matters."  *Id.* at 4.

As these requests are repetitive and were previously addressed, they are denied as MOOT.

### ii. Video Footage from Ten Inmate's Restricted Release Hearings and Telephone Recordings

Butler next moves for the Court to conduct an in-camera review of footage of ten other inmates' "Restricted Release Hearings" and the telephone recordings that were discussed in those hearings.  ECF No. 50 at 4-5.  He argues this is relevant because "if those ten inmates stated that the Plaintiff was the organizer, they are 'witnesses' and those hearings are admissible evidence."  *Id.* at 5.  He further alleges the telephone recordings that occurred prior to the hunger strike were part of the investigation of him and occurred prior to when he filed his lawsuit so they are in the relevant time period.  *Id.*  This request mirrors Butler's request for the Court to conduct an in-camera review of the footage and telephone recordings of his

9

*own* Restricted Release Hearing, discussed *supra*, which was previously denied by Judge Lanzillo and Judge Baxter.

The Court declines to conduct an in-camera review of these video and telephone recordings. In his Complaint, Plaintiff bases his retaliation claim on an August 2023 misconduct and subsequent misconduct hearing. *See* ECF No. 10 at ¶¶ 26-27, 31-32. In his current request, Plaintiff seeks additional information from other inmates that was used in his "Restricted Release Hearing" on May 1, 2024. ECF No. 50 at 4-5. Even if some of the recordings were made prior to the hunger strike, Plaintiff alleges they were used as evidence in his hearing on May 1, 2024. It is not clear to the Court how these recordings with other inmates, which allegedly were used in a hearing that took place nearly *eight months* after the events in the Complaint, are relevant to Plaintiff's allegations of retaliation related to a misconduct and hearing in August 2023. *See Kannikal v. Whitaker*, No. 3:12-CV-220, 2018 WL 6079509, at *4 (W.D. Pa. Nov. 21, 2018) (finding irrelevant documents are "beyond the appropriate scope of discovery"). Accordingly, Plaintiff has failed to establish how these are relevant to his retaliation claim, so review by the Court would serve no purpose.

Moreover, such a request is unduly burdensome on the Court. *See Mearin v. Folino*, No. CIV.A. 11-571, 2012 WL 4378184, at *7 (W.D. Pa. Sept. 24, 2012) (denying request for Court to conduct in-camera review of documents plaintiff is seeking, as it is unduly burdensome and plaintiff did not establish relevance). *See also Dale v. Deutsche Telekom AG*, No. 22 C 3189, 2024 WL 4416761, at *3 (N.D. Ill.

10

Oct. 4, 2024) (describing in-camera review by the Court as "time-consuming and burdensome"); *Landreth v. Lehil*, No. 2:20-CV-00472-DMC-P, 2023 WL 2480644, at *16 (E.D. Cal. Mar. 13, 2023) (denying request for in camera review by the Court because "[i]n camera reviews, which are burdensome and intrusive . . . are not routinely conducted"). Accordingly, this request is DENIED.

### iii. Defendants' Responses to Butler's Interrogatories from August 19, 2024

Butler next moves to compel Defendants' Responses to his Interrogatories from August 19, 2024. ECF No. 50 at 1. Defendants respond that they did not receive interrogatories from Butler dated August 19, 2024. ECF No. 58 at 2, n.1.

Per Chief Magistrate Judge Lanzillo's Case Management Order, discovery closed on August 15, 2024. ECF No. 26. Butler was reminded of this deadline multiple times, including on May 31, 2024 (ECF No. 26), July 3, 2024 (ECF No. 30), and August 13, 2024. ECF No. 35. On August 13, 2024, Chief Magistrate Judge Lanzillo extended discovery for the limited purpose of allowing Butler to view new information provided by Defendants but did not permit Butler to serve additional discovery requests. ECF No. 35. Butler states these discovery requests were dated August 19, 2024, or four days after the close of discovery.[4]

---

[4] In his Reply, Butler says he referenced these Interrogatory Requests during the August 13, 2024 Telephonic Status Conference before Chief Magistrate Judge Lanzillo, as the Case Management Order stated he "may not serve requests for discovery upon Defendant(s) without first providing a copy of the requests to the Court for review and approval." ECF No. 60 (citing ECF No. 26). However, Butler does not state he was late serving these discovery requests because he was waiting for the Court's approval, nor are these interrogatories referenced in the Transcript from the August 13, 2024 hearing, the Court's Minute Entry or the Court's Order memorializing the conference. ECF Nos. 34, 35, 43.

11

Federal Rule of Civil Procedure 56(d) allows district courts to grant additional time for discovery if the party opposing summary judgment shows that he "cannot present facts essential to justify [his] opposition" to the motion. Fed. R. Civ. P. 56(d). To show that additional discovery is needed, the party must state: (1) that he needs additional discovery; (2) what material facts he hopes to uncover through additional discovery; and (3) why he has not obtained the information sought through previous discovery requests. *See Dinnerstein v. Burlington Cnty. College*, 764 F. App'x 214, 217 n.1 (3d Cir. 2019) (unpublished) (citing *Radich v. Goode*, 886 F.2d 1391, 1393–94 (3d Cir. 1989)).

The Court will DENY Butler's Motion to Compel Defendants' Responses to his August 19, 2024 Interrogatories. The discovery deadline expired on August 15, 2024, and Butler has not explained why he failed to submit this discovery prior to that deadline. Defendants also state they never received the interrogatories. ECF No. 58 at 2, n.1. By making only a passing reference to these interrogatories in his Motion to Compel, Butler has not stated what material facts he hopes to uncover through these requests. As such, he has failed to make a sufficient showing that this additional discovery is needed. *Dinnerstein*, 764 F. App'x at 217 n.1.

> **iv. Documentation related to "abuse grievances" from on or after August 1, 2023**

Butler next moves to compel documentation related to "abuse grievances" he filed on or around August 1, 2023. ECF No. 50 at 2. In his Motion to Compel, Butler argues Defense Counsel represented in the August 13, 2024 Status Conference before Judge Lanzillo that Defendants had copies of the grievances, and

that Judge Lanzillo ordered them to submit a report detailing why Defendants did not respond to Plaintiff's grievances. ECF No. 50 at 2.

Judge Lanzillo ordered the Defendants to produce the abuse grievances "to the extent such documents exist and are in [Defendants'] possession, custody or control." *See* ECF No. 35 at ¶ 1. The Court further ordered the Defendants "to the extent they are able, are to confirm receipt of the grievance and/or complaint and to produce all documents related to any grievance the Plaintiff filed or attempted to file concerning his abuse complaint." *Id.* Judge Lanzillo further noted "Butler acknowledged possession of a copy of both of the requested documents." *Id.*

In their Response to Butler's Motion, Defendants state Defense Counsel did not represent during the Status Conference that he had copies of the abuse grievances. ECF No. 58 at n.1. Defendants further respond they previously produced a full report of Plaintiff's grievance history which did not include any grievances related to allegations of abuse from that time period. *Id.* at ¶ 7. Defendants further state they checked with SCI-Albion, SCI-Houtzdale, the Central Office for the Department of Corrections, and the Bureau of Investigation and Intelligence, and none of those entities had copies of those grievances. *Id.* at ¶ 8.

Defendants cannot be ordered to produce something that is not in their possession, custody, or control. Accordingly, Butler's request to compel the grievances and/or a report related to grievances is DENIED.

The Court further notes that – as Judge Lanzillo said in the Telephonic Conference and reiterated in his prior Order – there is no prejudice to Butler as he

13

confirmed he has copies of these grievances. ECF No. 43 at 9:23-10:1; ECF No. 35 at ¶ 1. He was free to submit those copies of those grievances as evidence in support of his Opposition Brief to Defendants' pending Motion for Summary Judgment, and did so.

### b. Butler's Motion for Sanctions (ECF No. 59)

Lastly, Butler moves to impose $500 of sanctions against the Defendants. ECF No. 59. He argues he is entitled to sanctions as Defendants failed to respond to his Interrogatories, failed to provide him "all video and audio recordings, and documents," and failed to respond to Court Orders. *Id.* at ¶¶ 4-5, 16.

As explained above, however, Butler is not entitled to any of the further discovery he seeks, so there is no basis for imposing sanctions. *See In re Philips Recalled CPAP, Bi-Level Pap, & Mech. Ventilator Prods.*, No. MC 21-1230, 2024 WL 869109, at *3 (W.D. Pa. Feb. 29, 2024) (denying motion for sanctions related to discovery as plaintiff "is not entitled to the discovery he seeks"); *Rosario v. Westmoreland Cnty.*, PA, No. 21-CV-208, 2022 WL 22687747, at *2 (W.D. Pa. Nov. 10, 2022) (same).

Accordingly, his Motion for Sanctions is DENIED.

### V. Conclusion

For the reasons stated above, Butler's Motion to Compel (ECF No. 50) video footage of the misconduct hearings, "Restricted Release Hearings," and Defendant Stafford's interview are denied as MOOT, and the remaining requests are DENIED. Butler's Motion for Sanctions (ECF No. 59) is likewise DENIED.

DATED this 14th day of May, 2025.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

CC:   Hon. Susan Paradise Baxter
      United States District Judge

      JOHN BUTLER
      BX1555
      SCI MAHANOY
      301 Grey Line Drive
      Frackville, PA 17931

      All counsel of record, *via ECF*