IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-289 |
| | ) |
| CAPTAIN FLOYD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

Plaintiff John Butler, a former inmate at SCI-Albion, commenced this action against numerous officials employed by the Pennsylvania Department of Corrections, claiming that they violated his federal constitutional rights during the course of his confinement, eventually transferring him to SCI-Houtzdale on an involuntary basis. After Defendants filed their answer, the case proceeded to discovery, and Defendants have now filed a motion for summary judgment, which remains pending before the Court. See ECF No. 51.

The matter is currently referred to U.S. Magistrate Judge Christopher B. Brown for pretrial proceedings, in accordance with the Magistrate Judge's Act, 28 U.S.C. §636(b)(1) and Local Civil Rule 72. On May 14, 2025, Judge Brown issued a Report and Recommendation ("R&R") in which he recommends the following:

- The Court grant Defendants' Motion for Summary Judgment on Butler's retaliation claim against Defendants Stafford and Nunez;

- In so far as Butler makes a retaliation claim against Defendant Boyce #2 and Defendant Floyd, the Court *sua sponte* dismiss that claim pursuant to the Court's authority under 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915(e)(2);

- The Court grant Defendants' Motion for Summary Judgment as to Butler's claim for deliberate indifference against Defendants Hafeli, Quinn, and Place;

1

- The Court *sua sponte* dismiss Butler's claim for deliberate indifference as to Defendant Stokes pursuant to the Court's authority under § 1997e(c) and § 1915(e)(2);

- The Court grant Defendants' Motion for Summary Judgment as to Butler's allegation that Defendant Boyce #1 threatened to slap him – whether characterized as a deliberate indifference claim or an excessive force claim – be granted; [and]

- The Court *sua sponte* dismiss Butler's failure to investigate claim against Defendant Barnacle pursuant to the Court's authority under § 1997e(c) and § 1915(e)(2).

ECF No. 74 at 2, 28.

Butler has filed objections in which he challenges several aspects of the Magistrate Judge's recommendations. *See* ECF No. [79]. Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. §636(b)(1)(B)-(C); Fed. R. Civ. P. 2(b)(3). Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Applying this standard, we address each objection in turn.

A.

Butler's initial objections concern his First Amendment retaliation claims against Defendants Stafford and Nunez. Relevantly, Butler has alleged that Defendant Stafford issued a misconduct charge against him, which falsely accused him of organizing a hunger strike. Butler also claims that Defendant Nunez yelled at him during his misconduct hearing and punished him with 90 days of solitary confinement (instead of 30 days) because Butler refused to plead guilty to the misconduct charge.

Judge Brown recommended that this Court enter summary judgment in favor of Defendants Stafford and Nunez on the retaliation claims because Butler had not adduced evidence establishing a causal connection between the Defendants' alleged retaliatory acts and any constitutionally protected conduct. Even if Butler had supplied such evidence, Judge Brown

2

opined that summary judgment was still appropriate because the Defendants had affirmatively established, as a matter of law, that they would have engaged in the same adverse actions irrespective of any constitutionally protected activity, for reasons that were reasonably related to a legitimate penological interest.

Plaintiff's initial arguments pertain to "issues hidden' within" footnote 4 of the R&R. ECF No. [79] at 1. The footnote reads as follows:

> In his Opposition, Butler argues that his protected conduct was that "the Plaintiff had a right to enter a plea of not guilty" at the misconduct hearing. ECF No. 68 at 2. Defendants respond that "Plaintiff should not be permitted to change his pleadings midstream" and that, regardless, "Plaintiff's response does nothing to refute Corrections Defendants' argument that there is no causal connection and that Corrections Defendants' would not have made the same decision anyway." ECF No 72 at 2. To the extent that Plaintiff is basing his retaliation claim on his "not guilty" plea at the misconduct hearing, it is respectfully recommended that summary judgment be granted for the Defendants as this is not constitutionally protected conduct. *See Hannan v. City of Phila.*, 306 F. App'x 735, 738 (3d Cir. 2009) (finding that pleading not guilty to disciplinary charges wasn't protected by First Amendment); *Miller v. Lucas*, No. 3:16-cv-01947, 2018 WL 4441534, at *4 (M.D. Pa. July 20, 2018) ("[D]efending oneself against misconduct charges [doesn't] constitute protected activity."), *accepted by* 2018 WL 4404675 (M.D. Pa. Sept. 17, 2018)[.]

ECF No. 74 at 11, n. 4.

Butler deduces from this footnote that the Defendants' filed a reply brief in support of their motion, which he claims he did not receive. He notes that he did not see any request by the Defendants for leave to file a reply, and he suggests that he should be given an opportunity to file a sur-reply.

These objections state no basis for denying the Defendants' Rule 56 motion. As Judge Brown explained in a text order dated May 21, 2025, his prior briefing order permitted the Defendants an opportunity to respond to Plaintiff's submissions in opposition to the pending Rule 56 motion, "as is routine." ECF No. [76]. This was consistent with the local rules of this Court, which expressly contemplate that the party moving for summary judgment may reply to the non-moving party's submissions -- typically within a two-week timeframe, unless otherwise

3

specified by the Court. *See* LCvR 56(A) and (D). Sur-replies by the non-movant are not normally contemplated or needed, as is true in this case. In order to protect Butler's appellate rights, the Court will direct that a courtesy copy of Defendants' reply papers at ECF No. [72] be served on him with this Memorandum Order. Nevertheless, the undersigned notes that Butler has not been unfairly prejudiced by his failure to receive those filings to date, as he was given a fair opportunity to respond to Defendants' motion and would not normally be permitted or required to file a sur-reply.

Regarding his claim against Defendant Stafford, Butler asserts that Stafford told him on August 1, 2023 that "several" jailhouse informants had identified Plaintiff as the main organizer of the hunger strike, whereas Stafford wrote in his misconduct report that only "one" informant labeled him as the main organizer. ECF No. 79 at 1. Butler further notes that Stafford's report states only that he "was identified" as a main organizer, meaning that the confidential informant provided only hearsay information. *Id.* at 2.

To the extent these assertions are in the nature of "objections," they are of no legal moment. Any discrepancy in Stafford's reporting was evidentiary fodder that Plaintiff could have raised at his misconduct hearing, but it does not amount to a genuinely disputed issue of material fact concerning retaliation. And irrespective of whether Stafford prosecuted the misconduct charge on the basis of one witness or several, the record reflects a sufficient quantum of evidence -- *i.e.,* "'some evidence' supporting the guilty finding for the misconduct charge." *Jones v. Davidson,* 666 F. App'x 143, 148 (3d Cir. 2016). Moreover, prison disciplinary hearings are not governed by the Federal Rules of Evidence and, therefore, the use of hearsay evidence is not prohibited. *See Moneyham v. Ebbert,* No. 3:16-CV-01311, 2018 WL 4087555, at *3 (M.D. Pa. Apr. 10, 2018) ("There is no constitutional right to confront or cross-examine

4

adverse witnesses at a prison disciplinary hearing."), *report and recommendation adopted,* No. 3:16CV1311, 2018 WL 4051746 (M.D. Pa. Aug. 24, 2018); *Garcia v. Wetzel*, No. 3:12-CV-68-KRG-KAP, 2013 WL 638076, at *2 (W.D. Pa. Jan. 11, 2013) (stating "there is no bar to use of hearsay evidence even in a hearing required under *Wolff v. McDonnell*, because there is no constitutional right to confrontation of the prosecution's evidence") (citing *Baxter v. Palmigiano*, 425 U.S. 308, 321-22 (1976)), *report and recommendation adopted*, No. 3:12-CV-68-KRG-KAP, 2013 WL 637975 (W.D. Pa. Feb. 20, 2013).

Butler also objects to the Magistrate Judge's determination that his First Amendment retaliation claim could not be predicated on the allegation that he was unfairly penalized with a harsher disciplinary penalty because of pleading "not guilty" to the misconduct charge. Judge Brown reasoned that Plaintiff could not establish the first prong of his retaliation claim under such a theory because pleading "not guilty" to a misconduct charge is not constitutionally protected conduct. *See* ECF No. [74] at 11 n. 4. Although Plaintiff takes issue with this legal premise, the Court finds that Judge Brown correctly stated and applied the law. *See id. (citing Hannan v. City of Phila.*, 306 F. App'x 735, 738 (3d Cir. 2009) and *Miller v. Lucas*, No. 3:16-cv-01947, 2018 WL 4441534, at *4 (M.D. Pa. July 20, 2018), *accepted by* 2018 WL 4404675 (M.D. Pa. Sept. 17, 2018)). Butler's insistence that there was a causal connection between his "not guilty" plea and his harsher disciplinary sentence is therefore irrelevant because, without a showing of constitutionally protected conduct, no unconstitutional retaliation can be established. *See Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir. 2003) ("A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights, and (3) a causal

5

link between the exercise of his constitutional rights and the adverse action taken against him.") (cleaned up).

B.

Butler next challenges the Magistrate Judge's analysis as it relates to his First Amendment retaliation claims against Defendants Boyce #2 and Floyd. Butler has alleged that Defendant Boyce #2 verbally abused him as a result of Butler having made previous allegations of abuse against Boyce #2. Magistrate Brown recommended that the claims against Boyce #2 be dismissed because "'[m]ere threats do not constitute retaliation.'" ECF No. [74] at 17 (quoting *Burgos v. Canino*, 358 F. App'x 302, 306 (3d Cir. 2009)).

Butler insists, however, that Boyce #2 "interfered with a 'medical emergency" by coming to the Psychiatric Observation Cell while Butler was on suicide watch and telling Butler "go ahead and kill yourself!" ECF No. 79 at 3. While reprehensible, this alleged conduct is not actionable as unconstitutional retaliation under the circumstances present here. *See Booth v. King*, 228 Fed.Appx. 167 (3d Cir. 2007) ("Absent any allegation of physical harm, the defendants' verbal threats do not amount to a constitutional violation"); *Jones v. Catell*, No. 1:23-CV-1991, 2025 WL 336729, at *6 (M.D. Pa. Jan. 29, 2025) (court dismissing retaliation claim where defendant was alleged to have made a variety of threatening or abusive remarks to the plaintiff as a result of prior complaints or grievances; court noted that "verbal abuse does not sustain a retaliation claim, and the complaint does not describe any specific adverse action taken by [the defendant] against [the plaintiff]"); *Henry v. CO#2 Gilara*, No. CV 16-167, 2017 WL 3424863, at *4 (W.D. Pa. Aug. 9, 2017) ("[V]erbal threats alone do not constitute adverse action for the purposes of establishing a prima facie retaliation claim.").

6

As for Defendant Floyd, the Magistrate Judge noted that it was "not clear what claim, if any, Butler is bringing against Defendant Floyd." ECF No. [74] at 17. Because Butler had provided no further clarification at the Rule 56 stage to elucidate his claim, Judge Brown recommended that it be dismissed *sua sponte* pursuant to the Court's authority under 42 U.S.C. §1997e(c) and 28 U.S.C. §1915(e)(2).

Butler states in his objections that Defendant Floyd was the Security Captain at SCI-Albion and, according to DOC policy, Floyd should have sent someone from the Security Office to meet with him regarding his reports that he had been abused by Boyce #1 while hospitalized in Erie. Butler surmises that the issue was "covered-up." ECF No. 79 at 3. He further states that, upon being transferred to SCI-Houtzdale, he filed an "Allegations of Abuse" complaint directly with Floyd. Butler alleges that he never received a response, and the allegations were again "covered-up." *Id*.

After review of the record, the Court concurs with Judge Brown's recommendation that the claim against Floyd should be dismissed. The "failure to follow DOC policy, alone, does not amount to a constitutional violation," *Jackson v. Irwin*, No. CV 22-352E, 2024 WL 2883226, at *8 (W.D. Pa. Jan. 4, 2024), *report and recommendation adopted*, No. 1:22-CV-352, 2024 WL 2716858 (W.D. Pa. May 28, 2024), and "supervisory roles, and/or failure to respond to grievances, are insufficient to infer personal involvement." *Stafford v. Stevens*, No. 3:25-CV-00028, 2025 WL 1433671, at *3 (M.D. Pa. May 14, 2025) (citing *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020)). To the extent Butler is presenting Floyd's failure to respond as a form of retaliation, it is not clear that Floyd's mere inaction can rise to the level of "adverse action" for purposes of a First Amendment retaliation claim. *See, e.g., Martinez v. Diaz*, 2021 WL 8825219, at *8 (C.D. Cal. Sept. 13, 2021) (court noting that "the failure to respond to a prisoner's

7

grievance alone generally does not constitute an adverse action taken against the prisoner for filing the grievance"). Moreover, Butler has not alleged or proved any facts to establish a causal connection between his protected activity and Floyd's alleged failure to investigate. Instead, he relies entirely on speculation and conclusory averments of a "cover-up," which are insufficient both at the pleading and summary judgment stages. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a pleading that offers "labels or conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient); *Brill v. Einfalt #477*, No. CV 24-00644, 2025 WL 1933717, at *5 (E.D. Pa. July 14, 2025) ("speculation and conclusory allegations by the nonmoving party are not enough to defeat a summary judgment motion") (citing authority); *Bullock v. Cohen*, No. CV171376NLHJS, 2018 WL 1293168, at *6 (D.N.J. Mar. 12, 2018) (dismissing retaliation claim where the plaintiff "[did] not plead any facts that would allow [the] Court to reasonably infer that [the warden's] failure to directly respond [to plaintiff's grievance] was in any way related to—much less motivated by—Plaintiff's initiation of federal civil rights suits against her"). Accordingly, Butler's putative claim against Floyd will be dismissed.

C.

Butler next objects to the Magistrate Judge's recommendations relating to his Eighth Amendment claims. Relevantly, Butler has claimed that Defendants Hafeli, Quinn, Place and Stokes all displayed deliberate indifference to his serious medical needs in that they delayed summoning the prison medical team and made callous remarks to him after he complained of chest pain and eventually collapsed on the floor. Judge Brown noted Butler's allegation that he first reported chest pain between 7:00 and 7:30 a.m. on the morning of August 4, 2023. Judge Brown further observed that Butler was seen by prison medical staff that same morning at 8:42 a.m. and 8:52 a.m., then transported to UPMC Hamot at 9:27 a.m. Butler remained at UPMC

8

Hamot for 23 hours while his vitals returned to normal limits, having tested negative for coronary artery disease. Even giving "full credit to Butler's version of events," ECF No. 74 at 21, Judge Brown concluded that his Eighth Amendment claims could not withstand summary judgment because Butler "'presented no evidence of any harm resulting from a delay in medical treatment.'" *Id.* (quoting *Brooks v. Kyler*, 204 F.3d 102, 105 n.4 (3d Cir. 2000) and citing additional authority).

Butler has also alleged that Defendant Boyce #1 threatened to slap him and interfered with his medically necessary rest while he was hospitalized at UPMC Hamot. Judge Brown determined that, even if Boyce #1 did threaten to slap Butler and/or verbally abused him while he was recuperating, this would not rise to the level of an Eighth Amendment violation because the harm, if any, was *de minimis*.

Butler's objections relate only to the Eighth Amendment claims against Hafeli, Quinn, Place, and Stokes. For the most part, Butler merely reiterates his allegations describing the Defendants' conduct. He does, however, take issue with the Magistrate Judge's conclusion that no harm was shown as a result of the Defendants' conduct. Pointing to a medical report at ECF No. 70-1, Butler states that, because of the delay in medical treatment, he passed out, his pulse rate elevated to 117, his blood pressure rose to 167/98, and there were changes noted on his EKG. The Court agrees with Judge Brown that these temporary symptoms are insufficient to establish the type of harm necessary to sustain an Eighth Amendment claim. Accordingly, Butler's objections lack merit.

D.

Butler also appears to take issue with the Defendants' position on exhaustion of administrative remedies. Relevantly, Butler states that he filed various grievances, letters, and

9

complaints alleging abuse during his confinement, to which he did not receive responses. While Defendants have stated that they did not receive any of these submissions, Butler insists that Defendants' position is false and that he can prove he served the grievance.

These objections are of no legal moment because Judge Brown did not predicate any recommendation on Plaintiff's failure to exhaust administrative remedies. Rather, Judge Brown addressed the merits of each putative claim and found that Butler's claims were not viable as a matter of law. Because the Court agrees with Judge Brown's analysis and recommendations, there is no need for the Court to render a ruling on the exhaustion (or non-exhaustion) of administrative remedies.

E.

Lastly, Butler argues the relevance of certain audio/video recordings, to which he has been denied access. First, Butler objects to the apparent loss and/or destruction of: (i) an audio/video recording of him being escorted to the Restricted Housing Unit on August 1, 2023; (ii) a recording of an "*in camera interview*" of Defendant Stafford that Defendant Nunez conducted in connection with Butler's misconduct charge; and (iii) video footage of Butler's misconduct hearing. ECF No. 79 at 5. Butler further objects to the denial of his request that the Court obtain and view a recording of his own May 1, 2024 "Restricted Release Hearing" as well as the hearings of ten other inmates. *Id.* at 5-6.

Each of these matters was the subject of prior pretrial motions practice. Plaintiff initially filed a motion to compel the production of certain recorded evidence, ECF No. [31], which was denied by Chief U.S. Magistrate Judge Richard A. Lanzillo on August 13, 2024. ECF No. [35]. Plaintiff appealed those rulings, ECF No. [42], and this Court denied the appeal on January 8, 2025. ECF No. [61] at 3-5. Plaintiff subsequently reasserted his discovery requests and sought

sanctions against the Defendants in motions that were referred to Magistrate Judge Brown. ECF Nos. 50 and 59. Judge Brown denied those motions in a ruling issued on May 14, 2025. ECF No. [73]. Plaintiff did not appeal that ruling further, and there is no occasion for the Court to now revisit it.

Accordingly, after *de novo* review of the Complaint and documents in the case, including Defendants' motion for summary judgment and all filings relevant thereto, along with the Magistrate Judge's Report and Recommendation, ECF No. [74], and Plaintiff's objections to the R&R, ECF No. [79], the following Order is entered:

NOW, this 21st day of July, 2025, IT IS ORDERED that Defendants' motion for summary judgment, ECF No. [51], is GRANTED insofar as it relates to: (i) Plaintiff's First Amendment retaliation claims against Defendants Stafford and Nunez, (ii) Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Hafeli, Quinn, and Place; and (iii) Plaintiff's Eighth Amendment deliberate indifference and/or excessive force claims against Defendant Boyce #1, based on Boyce #1's alleged threat to slap Plaintiff. As to each of the foregoing claims, judgment shall be entered in favor of the Defendants and against Plaintiff.

IT IS FURTHER ORDERED, pursuant to the Court's authority under 42 U.S.C. §1997e(c) and 28 U.S.C. §1915(e)(2), that the following claims are DISMISSED with prejudice, *sua sponte*, for failure to state a viable cause of action upon which relief can be granted: (i) Plaintiff's First Amendment retaliation claims (if any) against Defendant Boyce #2 and Defendant Floyd; (ii) Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Stokes; and (iii) Plaintiff's claim against Defendant Barnacle predicated upon Defendant Barnacle's alleged failure to investigate Plaintiff's allegations of abuse.

IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge Christopher B. Brown, issued on May 14, 2025, ECF No. [74], as supplemented herein, is adopted as the Opinion of this Court. Plaintiff's objections to the Report and Recommendation, ECF No. [79], are OVERRULED.

The Clerk is directed to serve upon Plaintiff a courtesy copy of Defendants' filings at ECF No. [72], along with a copy of this Memorandum Order. There being no additional claims before the Court in this civil action, the Clerk is directed to mark this case "CLOSED."

_____
SUSAN PARADISE BAXTER
United States District Judge